CARLETON L. BRIGGS, SBN 117361
Law Offices of Carleton L. Briggs
3510 Unocal Place, Suite 209
Santa Rosa, CA 95403-0918
Telephone: (707) 523-2251
Facsimile: (707) 523-2253
E-mail: clbriggs@sonic.net

Attorneys for Plaintiff
CHRISTIAN HAGESETH III

E-Filing

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

C 06 5333 JCS

| CHRISTIAN HAGESETH III, | COMPLAINT FOR |
|---|---|
| Plaintiff, | —PROSPECTIVE INJUNCTIVE RELIEF AND |
| vs. | —DECLARATORY RELIEF FOR VIOLATION OF CIVIL RIGHTS AND CONSTITUTIONAL RIGHTS; |
| DISTRICT ATTORNEY JAMES P. FOX; DEPUTY DISTRICT ATTORNEY PETER LYNCH; DEPUTY DISTRICT ATTORNEY JENNIFER M. OW; GOVERNOR ARNOLD SCHWARZENEGGER; and DOES 1-25, | —42 U.S.C. § 1983 AND THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION |
| Defendants. | |

Plaintiff Christian Hageseth III, by and through his attorney of record, Carleton L. Briggs, brings this complaint against defendants and their agents and successors, and avers the following:

**NATURE OF THE CONTROVERSY**

1. This complaint asserts a civil rights action under 42 U.S.C. § 1983 for declaratory relief and injunctive relief to redress certain violations, and prevent certain imminent violations, of the United States Constitution.

2. Named plaintiff seeks to prevent named defendants from extraditing him from the State of Colorado to the State of California in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

3. Named plaintiff also seeks to prevent named defendants from extraditing him from the State of Colorado to the State of California in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

4. Named plaintiff also seeks to have this Court declare that California Business and Professions Code § 2052 is unconstitutional when it is applied, as here, to regulate conduct that occurred wholly outside the State of California.

5. Named plaintiff also seeks to have this Court declare that trying him in California would violate Article III, Section 2 of the United States Constitution, in that the trial for a crime must be held in the State where the crime was committed. Here, no crime was committed in California.

6. Finally, plaintiff also seeks to have this Court declare that, to require plaintiff to come to California and to give up a property right or a liberty right in order to challenge the subject matter jurisdiction of the California criminal court or the constitutionality of the California statute, would be a violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

**JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**

7. Jurisdiction is conferred on this Court under 28 U.S.C. §§ 1331 and 1343(a)(3) by existence of federal questions arising under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

8. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202, and by Rules 57 and 65 of the Federal Rules of Civil Procedure.

//

9. Venue is proper in the Northern District of California under 28 U.S.C. § 1391(b), in that all defendants reside in this state, and one defendant resides in this district, or a substantial part of the events or omissions giving rise to plaintiff's claims have occurred or are occurring in this district.

10. This case is properly assigned to the San Francisco Division of this Court pursuant to Civil Local Rule 3-2(d).

## PARTIES

11. At all times mentioned herein, plaintiff was and is an adult resident of the State of Colorado.

12. Defendant James P. Fox is the San Mateo County District Attorney, the prosecutor for the County of San Mateo. Defendant Fox is sued herein in his official capacity.

13. Defendants Peter Lynch and Jennifer M. Ow are San Mateo County Deputy District Attorneys, formerly and currently responsible for prosecuting the state criminal charges against plaintiff. Defendants Lynch and Ow are sued herein in their official capacities.

14. Defendant Arnold Schwarzenegger is the Governor of California. He is empowered under California Penal Code § 1554.2 to issue a requisition for plaintiff's "return" from Colorado. Defendant Schwarzenegger is sued herein in his official capacity.

15. Plaintiff does not know the true names and capacities of Does 1 through 25, inclusive, and therefore sues them by such fictitious names. Plaintiff is informed and believes and thereon alleges that each fictitiously named defendant is responsible in some way for the occurrences alleged herein. When plaintiff learns their true names and capacities, he will amend this complaint accordingly.

//

16. Each defendant acted under color of state law as to the matters set forth herein. All of the acts and omissions complained of herein are the result of defendants' specific decisions, official policies, or customs. Each defendant knows of, and is responsible for, the acts or omissions set forth herein.

17. On information and belief, at all relevant times, each and every defendant was the agent, servant, employee and/or representative, of each and every other defendant, and in doing the acts complained of herein was acting within the course and scope of that agency, service, employment or representation, and was acting with the consent, permission, and authorization of each of the other defendants.

## GENERAL ALLEGATIONS

18. On May 24, 2006, defendant San Mateo County District Attorney James P. Fox filed a criminal complaint against plaintiff, charging him with violation of Business & Professions Code § 2052, practicing medicine in San Mateo County, California without license to do so.

19. The criminal complaint ("Complaint") was based on the following set of facts:

>   A. In June 2005, John McKay, a California resident who suffered from Obsessive Compulsive Disorder ("OCD"), went online from his computer in California to buy antidepressant medication to treat his condition. He found a website called www.usanetrx.com, which is located outside of the United States, and decided to buy Fluoxetine (generic Prozac), which is often prescribed to treat OCD, through the usanetrx.com website. McKay completed a questionnaire related to his medical history and paid for the medication with a credit card. (Although of little relevance to the claims herein, McKay lied on the questionnaire, claiming that he had been prescribed Prozac before, i.e., that he had been physically examined by a

licensed California physician who had determined a medical need and that said prescription had been used up without ill effect.) The website then forwarded his request and questionnaire for processing to JRB Health Solutions, a company whose headquarters were located in Florida and whose server was located in Texas.

B. From its Florida offices and through its Texas server, JRB Health Solutions in turn forwarded McKay's online request to one of its medical doctors. McKay's request for Fluoxetine and his medical questionnaire were sent via the Internet to plaintiff, Christian Hageseth III, a licensed psychiatrist and medical doctor who practiced in Colorado. (Dr. Hageseth's Colorado medical license was restricted, but he understood that he was authorized to practice "administrative" medicine, which he interpreted as allowing him to renew pre-existing prescriptions online.)

C. In Fort Collins, Colorado, Hageseth received and reviewed the request and the questionnaire from JRB and completed an online prescription for the requested medication. He then forwarded the prescription from his computer in Colorado to JRB Health Solutions' server in Texas. JRB, in turn, forwarded Hageseth's prescription to the Gruich Pharmacy in Mississippi. That pharmacy then filled the prescription and shipped the Fluoxetine directly to McKay in California. A few weeks later, intoxicated on alcohol and with a detectable amount of Fluoxetine in his bloodstream, McKay took his own life by carbon monoxide poisoning.

D. Defendant Hageseth was not situated in California for any portion of the alleged crime of practicing medicine in San Mateo County, California without a license. Hageseth remained at all times located in Colorado. Hageseth did not communicate with anyone in California regarding any portion of the alleged crime of practicing medicine in California without a

          license. He communicated only with his employer, JRB Health Solutions, located at all times in Florida, through its server in Texas.

          E.    It is undisputed that Dr. Hageseth is being prosecuted in California for acts done wholly outside the territorial jurisdiction of California and neither contemplated, attempted, nor planned by him in California.

20. When he learned that the Complaint had been filed and an arrest warrant issued, with bail in the amount of $500,000, plaintiff retained counsel, Carleton L. Briggs, who contacted defendant Deputy District Attorney Peter Lynch to address the issues of whether Business & Professions Code § 2052 could operate extraterritorially and whether the California criminal courts had subject matter jurisdiction over an offense committed wholly outside of the State of California. Defendant Lynch at first suggested the venue statutes but then honestly stated he did not know the basis for subject matter jurisdiction. He referred Attorney Briggs to Defendant Ow, who, Lynch said, had done the research (the D.A. file contained her notation: "Subject matter jurisdiction: Harm felt here."). In the meantime, Lynch agreed not to ask the Colorado police to arrest plaintiff until he had had a chance to challenge legislative and judicial subject matter jurisdiction. (Defendant Lynch later declared under penalty of perjury that he had so agreed.) When Attorney Briggs contacted defendant Ow to discuss the issues, she told him she was relying on Penal Code § 781, a venue statute. When Attorney Briggs tried to cite authority to the contrary (*People v. Simon* (2001) 25 Cal.4th 1082, 1096), Ow cut him off and said she was unwilling to discuss the case and that he should just file his motions.

21. In reliance upon the "stand still" agreement between counsel, plaintiff thereafter expended limited resources on filing a demurrer, motion to dismiss and motion to quash the arrest warrant, all based on California's lack of legislative subject matter jurisdiction (i.e., Business & Professions Code § 2052 cannot operate extraterritorially; the statute would be unconstitutional and void - see 1 Witkin, CAL. CRIM. LAW (3d), Introduction to Crimes, § 10 *et seq.*) and on the California criminal court's lack of judicial

1  subject matter jurisdiction (i.e., per Penal Code §§ 27 and 778a, there is no jurisdiction
2  over the offense of practicing medicine without a license where it was done wholly
3  outside the territorial jurisdiction of California and neither contemplated, attempted, nor
4  planned in California - see *People v. Brown* (2001) 91 Cal.App.4th 256, 262). The
5  motion was set for August 2, 2006. In his Reply, plaintiff also raised his constitutional
6  right to be tried in the state where the alleged crime was committed and argued that, to
7  require plaintiff to come to California and give up a property ($50,000 bail) or liberty
8  (jail) interest in order to challenge the constitutionality of the prosecution would be a
9  violation of his right to due process.

10  22. On August 1, 2006, despite Deputy District Attorney Lynch's agreement
11  otherwise, Colorado authorities arrested plaintiff on the California warrant. Defendant
12  Lynch claimed to have no knowledge of the arrest and suggested that the arrest must have
13  been made at the initiative of Colorado law enforcement. When confronted by Attorney
14  Briggs with the fact that, according to the Colorado authorities, the San Mateo County
15  Sheriff had requested the arrest, defendant Lynch claimed that the Sheriff had acted
16  without the knowledge or direction of the District Attorney's Office (indeed, the Sheriff
17  claims to have acted at the behest of the Social Security Administration), but Lynch
18  refused to do anything to help effect plaintiff's release. Plaintiff spent the night in jail,
19  but was able to secure his release by, *inter alia*, showing the Colorado court all the
20  pleadings related to the demurrer and motions to dismiss the Complaint and to quash the
21  warrant that were on calendar in the California court the following day. Defendant
22  District Attorney Lynch later accused Attorney Briggs of "engineering" plaintiff's release
23  from jail.

24  23. On August 2, 2006, the California court overruled plaintiff's demurrer and
25  denied the motions to dismiss and to quash the arrest warrant, indicating that the subject
26  matter jurisdiction and Article III issues could not be properly considered until the facts
27  were brought out at the preliminary hearing, after plaintiff surrendered himself and posted

28

1    bail. Attorney Briggs represented in open court that he intended to take a writ on the
2    court's rulings as soon as the order was entered. The court ordered defendant Deputy
3    District Attorney Ow to prepare the proposed order and submit it to Attorney Briggs.
4         24.    To date, defendant Deputy District Attorney Ow has refused and failed to
5    submit the proposed order. In response to several telephone messages from Attorney
6    Briggs inquiring about the proposed order, defendant Ow finally indicated in e-mail
7    correspondence that she no longer needs a written order to give to the court and sheriff in
8    Colorado, because she intends to obtain a Governor's warrant for plaintiff's arrest by
9    applying to defendant Schwarzenegger for a requisition for the "return" of plaintiff to the
10   State of California from the State of Colorado. In later facsimile correspondence,
11   defendant Lynch indicated that an order will be submitted "in due course" but accused
12   Attorney Briggs of misstating their "stand still" agreement and averred that the District
13   Attorney's Office is acting properly in now pursuing the Governor's warrant.
14        25.    Attorney Briggs has repeatedly demanded that defendant Deputy District
15   Attorney Ow prepare the proposed order as directed by the court, but no proposed order
16   has been forthcoming in over three weeks since the hearing date. In the meantime, on
17   information and belief, defendant Ow continues to pursue a Governor's requisition of
18   return, while attempting to stall plaintiff's ability to take a writ on the court's rulings and
19   secure a stay of the underlying proceedings.
20        26.    In the meantime, the Social Security Administration has informed plaintiff
21   that his benefits will be cut off because of the felony warrant unless it is documented that
22   there will be no attempt to extradite plaintiff.

## FIRST CAUSE OF ACTION

### (Against All Defendants)

### Violation of the Due Process Clause of the Fourteenth Amendment

27. Paragraphs 1 through 26 are part of this claim.

28. By refusing to submit a proposed order on the demurrer, motion to dismiss and motion to quash as directed by the court, and by attempting to extradite plaintiff from the State of Colorado to the State of California while plaintiff's challenge to the California court's subject matter jurisdiction is pending, and while plaintiff is being charged under a California statute that is patently unconstitutional as applied to plaintiff, defendants, and each of them, are depriving plaintiff of his liberty and property without due process of law, in violation of the Fourteenth Amendment to the United States Constitution.

29. Each of the defendants acted, or will act, under the color of state law as to matters set forth herein. All of the acts and omissions complained of are the result of defendants' specific decisions, official policies, or customs. Each of the defendants knows of, and is responsible for, the acts or omissions set forth herein.

30. Defendants' acts and omissions herein amount to a denial of due process by requiring plaintiff to sacrifice his property or liberty to challenge the California court's exercise of subject matter jurisdiction in the underlying criminal matter and to raise the Article III violation.

31. Plaintiff seeks a temporary and permanent injunction staying all efforts to extradite him from the State of Colorado to the State of California, including but not limited to a Governor's requisition of return.

## SECOND CAUSE OF ACTION

### (Against Defendants James P. Fox, Peter Lynch and Jennifer M. Ow)

### Violation of the Equal Protection Clause of the Fourteenth Amendment

32. Paragraphs 1 through 31 are part of this claim.

33. Plaintiff is informed and believes that defendant Ow intentionally refused and refuses to file the proposed order, thereby preventing plaintiff from taking a writ, and defendants intentionally continue to attempt to extradite plaintiff, despite the "stand still" agreement between counsel and even though plaintiff's challenge to the California court's subject matter jurisdiction is pending.

34. Plaintiff is informed and believes that defendants' conduct in this regard is irrational and wholly arbitrary, and is motivated solely by a spiteful effort to retaliate against plaintiff for his challenges to the California criminal court's subject matter jurisdiction, and defendants' acts in this regard are for reasons wholly unrelated to any legitimate state objective.

35. As a result of such deprivations of his Fourteenth Amendment rights caused by the above-mentioned conduct, plaintiff is entitled to relief under 42 U.S.C. § 1983, and plaintiff seeks a temporary and permanent injunction prohibiting all efforts to extradite him from the State of Colorado to the State of California, including but not limited to a Governor's requisition of return.

## THIRD CAUSE OF ACTION

### (Against All Defendants)

### Declaratory Relief

36. Paragraphs 1 through 35 are part of this claim.

37. An actual controversy now exists between plaintiff and defendants as to whether seeking and obtaining a Governor's requisition for plaintiff's return from the State of Colorado under these circumstances violates due process of law as guaranteed by

the United States Constitution.

38. An actual controversy has also arisen as to the constitutionality of California Business and Professions Code § 2052 as defendants would have it operate extraterritorially under the circumstances presented here.

39. An actual controversy has further arisen as to whether it would violate Article III, Section 2 of the United States Constitution to try plaintiff in the State of California when the alleged crime was committed in the State of Colorado.

40. Unless this Court issues an appropriate declaration of rights, the parties will not know whether the application for, and issuance of, a Governor's requisition of return under the circumstances of this case violates or complies with the due process clause of the United States Constitution, and there will continue to be disputes and controversy surrounding defendants' actions, and further litigation will likely result.

41. Likewise, unless this Court issues an appropriate declaration of rights, the parties will not know whether California Business and Professions Code § 2052, as applied to plaintiff here, violates the United States Constitution to the extent that it purports to reach beyond the borders of the State of California and regulate conduct that occurs wholly in another State.

42. Defendants have a mandatory duty not to infringe on plaintiff's due process rights.

43. Unless compelled to refrain from interfering with plaintiff's due process rights, defendants will continue to do so.

44. Further, unless this Court issues an appropriate declaration of rights, the parties will not know whether it would violate Article III, Section 2 of the United States Constitution to try plaintiff in a different state from that in which the crime, if indeed there was one, was committed.

45. Plaintiff has no plain, speedy, or adequate remedy at law to correct defendant's conduct or prevent the threatened conduct. Defendants are affirmatively

1  attempting to block plaintiff from pursuing a writ in state court, in that they refuse and
2  fail to submit a proposed order to the trial court as it has ordered, and instead are pursuing
3  a Governor's warrant, in deliberate violation of a stand still agreement between counsel
4  and in order to circumvent the agreed upon court process.

## PRAYER

WHEREFORE, plaintiff prays for judgment against all defendants, and each of them, as follows:

1. For a temporary, preliminary and permanent injunction ordering San Mateo County District Attorney James P. Fox, Deputy District Attorney Peter Lynch and Deputy District Attorney Jennifer M. Ow to cease and desist all efforts to obtain a Governor's requisition of plaintiff's return from Governor Arnold Schwarzenegger in this matter;

2. For a temporary, preliminary and permanent injunction ordering Governor Arnold Schwarzenegger to cease and desist issuance of a requisition of plaintiff's return from the State of Colorado in this matter;

3. For a temporary, preliminary and permanent injunction preventing defendants James P. Fox, Peter Lynch and Jennifer M. Ow from prosecuting plaintiff for alleged violation of Business & Professions Code § 2052 under the circumstances of this case;

4. For a temporary, preliminary and permanent injunction and preventing defendants James P. Fox, Peter Lynch and Jennifer M. Ow from bringing plaintiff to trial in the State of California, in violation of Article III, Section 2, for an alleged crime committed in another state;

5. Further, for a declaration of rights declaring that California Business & Professions Code § 2052 does not, and as a matter of law cannot, operate extraterritorially, such that plaintiff can never be criminally liable for a

violation thereof under the circumstances of this case;

6. Further, for a declaration of rights declaring that trying plaintiff in the State of California in this matter would be unconstitutional as a violation of Article III, Section 2 of the United States Constitution;

7. Further, for a declaration of rights that, to require plaintiff to come to California and to give up a property right or a liberty right in order to challenge the subject matter jurisdiction of the criminal court or the constitutionality of the prosecution, would be a violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

8. For attorney's fees under 18 U.S.C. § 1988 and the California private attorney general doctrine;

9. For costs of suit; and

10. For any and all further relief as the court finds just and proper.

Dated: August 28, 2006                    Law Offices of Carleton L. Briggs


                                          _____
                                          CARLETON L. BRIGGS

                                          Attorneys for Plaintiff
                                          CHRISTIAN HAGESETH III

## VERIFICATION

I, Christian Hageseth III, am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. This verification is executed at Fort Collins Colorado.

Dated: August 28, 2006

_____
CHRISTIAN HAGESETH III

14
COMPLAINT