1  CARLETON L. BRIGGS, SBN 117361
   Law Offices of Carleton L. Briggs
2  3510 Unocal Place, Suite 209
   Santa Rosa, CA 95403-0918
3  Telephone: (707) 523-2251
   Facsimile: (707) 523-2253
4
   Attorneys for Plaintiff
5  CHRISTIAN HAGESETH III

6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 | CHRISTIAN HAGESETH III,                          | No. C 06-05333 JCS
12 |     Plaintiff,                                   | *EX PARTE* MOTION FOR
                                                       TEMPORARY RESTRAINING
13 | vs.                                              | ORDER; MEMORANDUM OF
                                                       POINTS AND AUTHORITIES
14 | DISTRICT ATTORNEY JAMES P.
     FOX; DEPUTY DISTRICT
15 | ATTORNEY PETER LYNCH;
     DEPUTY DISTRICT ATTORNEY
16 | JENNIFER M. OW; GOVERNOR
     ARNOLD SCHWARZENEGGER; and
17 | DOES 1-25,

18 |     Defendants.
19 | _____/

20                    **APPLICATION**

21       Plaintiff Christian Hageseth III hereby moves the Court e*x parte* for a temporary

22  restraining order enjoining Defendants from extraditing Plaintiff Hageseth from Colorado

23  to California pending the determination of the instant case.  This motion is made on the

24  grounds that Plaintiff's Social Security benefits will be terminated, leaving him destitute,

25  if he cannot provide some assurances to the Social Security Administration that he will

26  not be extradited to California.

27

28                                        1

The undersigned counsel has notified counsel for Defendants that such an *ex parte* request will be made to the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

**INTRODUCTION AND BACKGROUND**

With this e*x parte* motion, Dr. Hageseth seeks a temporary restraining order only with regard to the extradition efforts being made in violation of his Constitutional rights. Dr. Hageseth is not asking this Court to enjoin the entire state court action. Indeed, the gist of Dr. Hageseth's § 1983 complaint is to stop defendant's collateral efforts to extradite him while he appeals certain state court rulings.

Dr. Hageseth sought a temporary restraining order in the prayer of his § 1983 complaint, but recent developments have caused the need for that restraining order to become critical and imperative. Last month, Dr. Hageseth received a notice from the Social Security Administration that his Social Security benefits would be terminated in 30 days because of his outstanding felony warrant in the underlying state criminal matter. The letter informed him that he could avoid the termination of his benefits if he provided official documentation to the Social Security Administration that the San Mateo County District Attorney would not extradite him on the pending charges. See Declaration of Christian Hageseth III in Support of Ex Parte Motion for Temporary Restraining Order, served and filed herewith, Exhibit A, page 3 (the section entitled "What You Can Do"). (The letter said Dr. Hagseth could re-start his benefits within 12 months by providing such documentation, but this is of little use, as he would lose his home in the interim.)

Dr. Hageseth has no source of income apart from his Social Security benefits. He has surrendered his Colorado medical license as punishment for violating that state's regulations by prescribing Prozac over the Internet and has had no other opportunities for sustained employment. If his only source of income is severed, Dr. Hageseth will most

likely lose his home and face homelessness, as well as suffering other grave financial consequences. The loss of his home and other possessions would be catastrophic. It would also be irreparable for someone in his financial position. Dr. Hageseth's Social Security benefits are set to expire on September 20, 2006.

**LEGAL ARGUMENT**

    The basis for injunctive relief in federal courts is irreparable injury and the inadequacy of legal remedies. *Stanley v. University of So. Calif.* (9th Cir. 1994) 13 F.3d 1313, 1320. Here, at least one aspect of the injury is severe, long-lasting, and irreparable—Dr. Hageseth would lose his Social Security benefits, which would result in his losing his home. Another aspect of the injury is the violation of his Constitutional rights. When a violation of a Constitutionally protected right is shown, most courts do not require any further showing of irreparable injury. *Associated Gen. Contractors of Calif. v. Coalition for Economic Equity* (9th Cir. 1991) 950 F.2d 1401, 1410. The face of the Verified Complaint demonstrates the violation of Dr. Hageseth's due process and equal protection clause rights, as well as his right under Article III, Section 2 to a jury trial in the state where the alleged crime was committed, Colorado.

    For a temporary restraining order or a preliminary injunction to issue, the plaintiff must meet some additional criteria, which vary from circuit to circuit. In the Ninth Circuit, a plaintiff can meet his burden by showing either: (1) a combination of probable success on the merits and the possibility of irreparable injury; or (2) serious questions as to these matters and that the balance of hardships tips sharply in plaintiff's favor. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.* (9th Cir. 2001) 240 F.3d 832, 839-840. "Serious questions" means questions that have a fair chance of success on the merits, but which cannot be resolved either way until the hearing on the merits. *Republic of Philippines v. Marcos* (9th Cir. 1988) 862 F.2d 1355, 1362. Serious questions are also

1  questions as to which "the court perceives the need to preserve the status quo lest one side
2  prevent resolution of the questions or execution of any judgment by altering the status
3  quo." *Ibid.* "The critical element in determining the test to be applied is the relative
4  hardship to the parties. If the balance tips decidedly toward the plaintiff, then the plaintiff
5  need not show as robust a likelihood of success on the merits as when the balance tips
6  less decidedly." *State of Alasksa v. Native Village of Venetie* (9th Cir. 1988) 856 F.2d
7  1384, 1389.

8  Here, the balance plummets to the side of hardship to be visited on Dr. Hageseth if
9  the requested injunction does not issue. There is almost no hardship to the Defendants if
10 they are required to simply await resolution of the state court action, or even the instant
11 action, before they are permitted to yank Dr. Hageseth from Colorado and ruin him
12 financially. (Indeed, this is what Deputy District Attorney Peter Lynch had agreed to.) If
13 the injunction issues, Defendants will simply be asked to exercise patience, a virtue. If
14 the injunction does not issue, Dr. Hageseth will be asked to give up his liberty and
15 property—including his only source of income—without due process of law.
16 Additionally, without the injunction, Defendants can prevent resolution of the very same
17 issues presented by the § 1983 action by hastily extraditing Dr. Hageseth. No one will be
18 able to unring that bell.

19 Lastly, as the allegations in the Verified Complaint demonstrate, there is, at the
20 very least, a reasonable chance of success on the merits, if not a probable or likely
21 chance.

22

23 **CONCLUSION**

24 For the foregoing reasons, Dr. Hageseth respectfully requests that this Court grant
25 his *Ex Parte* Motion for Temporary Restraining Order.

26
27
28

1  Dated: September 16, 2006                    Respectfully submitted,

2

3

4                                               /s/ Carleton L. Briggs
                                                CARLETON L. BRIGGS
                                                Attorneys for Plaintiff
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER;
MEMORANDUM OF POINTS AND AUTHORITIES